IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS P. RICHARD, SR., EM-8033, )
    Petitioner, )
     )
    v. ) 2:12-cv-758
     )
MICHAEL WENEROWICZ, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Thomas P. Richard, Sr., an inmate at the State Correctional Institution at Graterford has presented the fourth in a series of habeas petitions seeking to challenge his 25½ to 51 year sentence imposed following his conviction by a jury of rape, involuntary deviate sexual intercourse, aggravated indecent assault, simple assault, endangering the welfare of children and corruption of the morals of a minor at No. 3607 of 2000 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on October 25, 2000.[1]

    Richard previously filed a habeas petition in this Court which was docketed at No. 2:07-cv-16. The latter petition was dismissed on January 8, 2008 and a certificate of appealability was denied. On March 19, 2008, the United States Court of Appeals for the Third Circuit also denied a certificate of appealability.[2]

    On September 21, 2009 Richard again filed a petition for a writ of habeas corpus in this Court. On January 29, 2010 that petition was transferred to the Court of Appeals as a successive petition and on March 31, 2010, the latter Court denied the petition as a successive one.

    On August 17, 2011, Richard filed a third petition at 2:11-cv-1075 which was transferred to the Court of Appeals as a successive petition on October 5, 2011 and on November 10, 2011 the Court of Appeals denied Richard leave to proceed on his successive petition.

    Richard once again returns to this Court contending that the decision of the United States Supreme Court in <u>Martinez v. Ryan</u>, 2012 WL 912950 permits him to proceed here.

---

[1] See: Docket 2:07-cv-16 and ¶3 of the petition.
[2] Id.

1

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant successive petition without leave of the Court of Appeals, it will be transferred to that Court for authorization, if any, to proceed with consideration of the petition here.

An appropriate Order will be entered.

ORDER

AND NOW, this 17th day of July 2012, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the petition of Thomas P. Richard, Sr. for a writ of habeas corpus be transferred forthwith to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

s/ Robert C. Mitchell
United States Magistrate Judge